# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim-Defendant, | ) |
| | )   C.A. No.: 12-cv-319-LPS |
| v. | ) |
| | )   Jury Trial Demanded |
| ESF QIF TRUST, by and through its trustee, | ) |
| DEUTSCHE BANK TRUST COMPANY, | ) |
| | ) |
| Defendant/ | ) |
| Counterclaim-Plaintiff. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S <u>COUNTERCLAIMS</u>

Keith A. Walter (#4157)
Daniel Attaway (#5130)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
PO Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580

*Counsel for Plaintiff/Counterclaim-Defendant*
*PHL Variable Insurance Company*

Dated: August 24, 2012

On August 7, 2012, the Honorable Philip S. Gutierrez of the United States District Court for the Central District of California issued an order (the "*Mosier* Case" or "*Mosier* Opinion") dismissing PHL Variable Insurance Company ("Phoenix") from claims nearly identical to Defendant ESF QIF Trust's (the "Trust") Counterclaims.[1] The *Mosier* Opinion is attached to Document 18 as Exhibit A. In the *Mosier* Case, the plaintiff filed suit against Phoenix because "Phoenix . . . refused to confirm that it will provide coverage under the policies when [the policies] become due." *See Mosier* Opinion, p. 1. Contrary to the Trust's allegation that the plaintiff in the *Mosier* Case sought a declaration that the policies were void (or illegal), the *Mosier* court noted that the crux of the plaintiff's complaint was that "Phoenix's 'long history of attempting to avoid its obligations under insurance policies that were sold to investors' and [further] refusal 'to confirm that it will honor the [p]olicies'" caused [the policies'] consideration to fail, and thus, entitled the plaintiff to a return of premiums. *Id.* Phoenix moved to dismiss the *Mosier* Case as unripe. *Id.* at p. 7. In analyzing the ripeness issue, the court noted:

> the insureds are still living; therefore, no death benefit is due under the [p]olicies. Nor has Phoenix affirmatively asserted that the [p]olicies are void or voidable, or that Phoenix will seek to void the Policies at some point in the future or refuse to pay the benefits when they become due. Moreover, Phoenix's *obligation to pay the death benefits is contingent* on the [plaintiff's] continued performance of the insurance contracts by timely paying the premiums. In sum, Phoenix's obligations are not yet due, *may never become due if the [plaintiff] decides to stop paying the premiums*, and, in the event the [p]olicies do mature, Phoenix may decide to pay them.

*Id.* (emphasis added).

The Trust's Counterclaims are similarly unripe. First, as illustrated in the *Mosier* Opinion, the Trust failed to allege that Phoenix has taken, intends to take, or has threatened to take *any* action with regard to the insurance policies that are central to the Trust's Counterclaims

---

[1] Phoenix files this Response to Defendant's Supplemental Brief in Opposition to Plaintiff's Motion to Dismiss (Doc. 21) in accordance with the Stipulation Regarding Notice of Supplemental Authority (Doc. 20).

1

(the "Unrelated Policies").  Nor has Phoenix taken the position that any of the Unrelated Policies *may* lack insurable interest.  Instead, the Trust simply seeks "judicial insurance" that Phoenix will not challenge the Unrelated Policies at some point in the future.  *See* Doc. 13, p. 12.  Federal courts are forbidden from providing the Trust with such insurance.  *Id.*  To overcome the inevitable conclusion that the Court may not issue an advisory opinion as to the Unrelated Policies' insurability, the Trust seeks to distinguish the *Mosier* Case on the grounds that: (1) Phoenix previously filed suit against the Trust; and (2) the Unrelated Policies involve known "STOLI participants."  *See* Doc. 21, p. 3.  These distinctions are unpersuasive and without merit.

First, the plaintiff in the *Mosier* Case attempted to avoid dismissal on the same grounds the Trust now pursues.  Specifically, the plaintiff in the *Mosier* Case alleged known "STOLI promoters" assisted in the procurement of the policies.  *See* First Amended Complaint in *Mosier* Case (Doc. 13), ¶¶ 21, 22, 24.  The court in the *Mosier* Case, however, was unconvinced, and refused to entertain a complaint on the premise that Phoenix's apparent knowledge of STOLI participants could have damaged the plaintiff.

Second, the fact that Phoenix filed suit against the Trust on two policies cannot affect the marketability of the Unrelated Policies as neither Phoenix nor the Trust have questioned those policies' insurability.  Indeed, if the Trust "paid sticker price for these policies despite the inherent risks that they might be void *ab initio* or subject to challenge under applicable law, and therefore made a bad deal," the Trust must plead facts in support of such a claim.  *Mosier* Opinion, p. 10.  Here, the Trust failed to allege *any* such facts; instead the Trust simply concludes that Phoenix will not stand behind the Unrelated Policies should they mature.  These allegations do not support the Trust's conclusory Counterclaims and must be dismissed as they are contingent upon uncertain future events.

Dated: August 24, 2012                                   Respectfully submitted,

                                                */s/ Keith A. Walter*
                                                Keith A. Walter (#4157)
                                                Daniel Attaway (#5130)
                                                CONNOLLY BOVE LODGE & HUTZ LLP
                                                The Nemours Building
                                                1007 N. Orange Street
                                                PO Box 2207
                                                Wilmington, DE 19899
                                                Telephone: (302) 658-9141
                                                Facsimile: (302) 658-5614
                                                Email: KWalterJr@cblh.com

                                                Thomas F.A. Hetherington
                                                Jarrett E. Ganer
                                                EDISON, MCDOWELL & HETHERINGTON LLP
                                                Phoenix Tower
                                                3200 Southwest Freeway, Suite 2100
                                                Houston, Texas 77027
                                                Telephone: (713) 337-5580

                                                *Counsel for Plaintiff/Counterclaim-Defendant*
                                                *PHL Variable Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Keith A. Walter, hereby certify that on August 24, 2012, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following and allow the document to be viewed and downloaded from CM/ECF, and to be served on counsel as follows:

| **VIA E-MAIL** | **VIA E-MAIL** |
|---|---|
| Brian E. Farnan | Steven G. Sklaver |
| Farnan LLP | Matthew R. Berry |
| 919 North Market Street | Brian M. Gillett |
| 12th Floor | Susman Godfrey L.L.P. |
| Wilmington, DE 19801 | 1901 Avenue of the Stars, Suite 950 |
| bfarnan@farnanlaw.com | Los Angeles, CA 90067 |
| | ssklaver@susmangodfrey.com |
| | mberry@susmangodfrey.com |
| | bgillett@susmangodfrey.com |

*/s/ Keith A. Walter*
Keith A. Walter (#4157)